UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :
           -against-                :           **MEMORANDUM AND ORDER**
                                    :           08-CR-187 (DLI)
GREGORY JACKSON, et. al.,           :
                                    :
           Defendants.              :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On July 18, 2008, Defendant Gregory Jackson ("Defendant") pled guilty pursuant to a cooperation agreement before U.S. Magistrate Judge James Orenstein to Count One of the Indictment charging him with conspiring to distribute 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(B)(1)(a)(iii). (*See* Doc. Entry No. 104.) On March 12, 2010, this court accepted Defendant's guilty plea by Electronic Order. (*See* Doc. Entry No. 297.) On September 22, 2010, the court imposed a non-Guidelines sentence of 168 months' imprisonment and 5 years' supervised release with special conditions. (*See* Doc. Entry No. 382.) On direct appeal, the Second Circuit Court of Appeals affirmed Defendant's conviction. *See United States v. Jackson*, 452 F. App'x 51 (2d Cir. 2011). Defendant now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10 ("Section 1B1.10"). The government opposes the motion. For the reasons set forth below, the motion is denied.

**I.      Factors Considered by the Court at Sentencing**

Under U.S.S.G. § 2D1.1(c)(3) (2009), which was applicable at the time of sentence,[1] Defendant's base offense level was 34, because Defendant was accountable for distributing at

---

[1] The U.S. Sentencing Commission Sentencing Manual effective as of November 1, 2009 was in effect at the time sentence was imposed. The 2010 Manual became effective November 1, 2010.

1

least 500 grams of crack cocaine. (*See* Sept. 22, 2010 Sentencing Transcript ("Sent. Tr.") at 9, Doc. Entry No. 495.) The court determined that Defendant's criminal history category was IV. Therefore, the applicable advisory Sentencing Guidelines range was 210-262 months. (*Id.* at 9-10.) Moreover, Defendant was subject to a mandatory minimum of 120 months' imprisonment. (*Id.* at 35.)

Despite Defendant's cooperation efforts, the government did not move for a downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1 ("Section 5K1.1"), because Defendant was arrested for possession of crack cocaine while on bond, in breach of his cooperation agreement. (*Id.* at 10-11, 30.) However, the government did ask the court to consider Defendant's cooperation under 18 U.S.C. § 3553(a). (*Id.* at 15.) Moreover, in light of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), which was passed on August 3, 2010 and became effective November 1, 2010, the government recommended the court apply the same 18:1 ratio to Defendant's Guidelines calculation that the FSA applied to the statutory minimum sentences for crack cocaine distribution pursuant to 18 U.S.C. § 3553(a). (*Id.* at 12.)[2]

Before imposing a sentence, the court considered the factors specified in 18 U.S.C. § 3553(a), including Defendant's cooperation efforts, and the sentencing disparity between crack cocaine and powder cocaine. (*Id.* at 31-36, 40.) In light of these considerations, the court determined that a non-Guidelines sentence was appropriate and the court adopted the 18:1 ratio set forth in the FSA. Accordingly, the court calculated Defendant's base offense level at 32.

---

[2] By an opinion issued June 12, 2012, the U.S. Supreme Court held that the FSA could be applied retroactively to offenders in Defendant's situation, *i.e.*, who were sentenced after the Act was passed for pre-Act conduct. *See Dorsey v. United States*, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 2321 (2012).

With Defendant's category IV criminal history, his sentencing range became 168-210 months. (*Id.* at 35-36.) The court then sentenced Defendant to 168 months' imprisonment. (*Id.* at 40.)

On December 22, 2011, the Second Circuit Court of Appeals affirmed Defendant's sentence. *See United States v. Jackson*, 452 F. App'x 51 (2d Cir. 2011). On March 15, 2012, Defendant filed the instant motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Section 1B1.10.

## II. Discussion

Defendant argues he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Section 1B1.10 and asks this court to reduce his sentence from 168 to 120 months' imprisonment. However, Defendant fails to provide any authority showing that such a reduction is permissible. (*See generally* Def.'s Mot. for Sentence Reduction, Doc. Entry No. 506.)

18 U.S.C. § 3582(c)(2) empowers a court to reduce a term of imprisonment where a Guidelines range has been lowered after a defendant was sentenced. The FSA, which became effective after the imposition of Defendant's sentence, increased the amount of crack cocaine required to trigger mandatory minimum sentences and directed the Sentencing Commission to implement comparable changes in the Sentencing Guidelines. *See* U.S.S.G. App. C Amendment 750 (Nov. 1, 2011). Thus, pursuant to Amendment 750, Part A, the U.S.S.G. now provides for a base level of 32 where, as here, a defendant is responsible for at least 280 but less than 840 grams of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(4) (2011). Accordingly, Defendant's advisory Guidelines range was lowered to 168-210 months, the range the court already adopted at the time of Defendant's sentencing. (*See* Sent. Tr. at 35-36.)

Pursuant to 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

3

been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"[D]espite *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines merely advisory, the limitations on the degree of a sentence reduction under § 3582(c)(2) are mandatory[.]" *United States v. Rivera*, 662 F. 3d 166, 171 (2d Cir. 2011) (citing *Dillon v. United States*, ___ U.S. ___, 130 S.Ct. 2683, 2691 (2010)). Accordingly, "[a] court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted[.]" *Dillon*, 130 S. Ct. at 2691.

Section 1B1.10 identifies those amendments to the Sentencing Guidelines that may be applied retroactively and it sets forth the procedure for implementing those amendments where a defendant has already been sentenced. There is no dispute that the amended crack cocaine guidelines are "covered amendments" under Section 1B1.10(c), which can be applied retroactively and used to reduce a defendant's sentence. *See* U.S.S.G. § 1B1.10(c) (listing Amendment 750 as a covered amendment). Thus, the question here is whether it is permissible under Section 1B1.10 to reduce Defendant's sentence to 120 months' imprisonment, which is below the applicable amended Guidelines range. The answer is no.

Section 1B1.10 (b)(1) directs, in part, that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.

4

Moreover, under subsection (b)(2)(A) of Section 1B1.10, a court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subsection (b)(1)." This limitation applies even if, as here, "the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing[.]" U.S.S.G. § 1B1.10 app. note 3. The only instance where a court may impose a sentence less than the minimum of an amended Guidelines range is when, at the time of sentencing, the government moved for a downward departure under Section 5K1.1. *See* U.S.S.G. § 1B1.10(b)(2)(B).

Defendant argues he is entitled to a sentence reduction to 120 months' imprisonment, despite the fact that the government did not make a Section 5K1.1 motion, but he fails to address how such a reduction is consistent with Section 1B1.10. (*See* Def.'s Mot. for Sentence Reduction at 3-4.) Instead, Defendant merely asserts the reduction is permissible: 1) because of his productive cooperation with the government; and 2) because the state charges stemming from his arrest while on bond were adjourned in contemplation of dismissal. (*Id.*)

Section 1B1.10 does not permit the court to reduce Defendant's term of imprisonment based on the reasons Defendant asserts. As noted above, the court imposed a sentence equal to the minimum of the amended Guidelines range now applicable to Defendant. *See* U.S.S.G. § 2D1.1(c)(4) (2011). Because the court already imposed a sentence at the very bottom of the now applicable Guidelines range after considering Defendant's cooperation and the crack-powder cocaine disparity, and the government did not make a Section 5K1.1 motion at the time of sentence, any further reduction in Defendant's sentence would be inconsistent with Section 1B1.10. Accordingly, Defendant's motion is denied.

**III. Conclusion**

For the reasons set forth above, Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Section 1B1.10 is denied in its entirety. As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

DATED: Brooklyn, New York
August 8, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge